UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUTH SMITH, individually and as personal representative of the Estate of Donald Smith; KYLE MOSS and SAMANTHA (BAIRD) MOSS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, commonly known as The Burlington Northern Santa Fe Railway, a Delaware corporation doing business in the State of Washington, and DOE DEFENDANTS I THROUGH X,<br><br>Defendants. | No. 2:18-cv-00179-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

Before the Court, without oral argument, is Defendant BNSF Railway Company's Motion for a Protective Order Regarding Request for Production No. 15, ECF No. 38, and related motion to expedite, ECF No. 40. Defendant seeks to extend its deadline for responding to Request for Production 15 in the third set of requests served by Plaintiffs Ruth Smith, the Estate of Donald Smith, Kyle Moss, and Samantha (Baird) Moss on July 26, 2019. *See* ECF No. 39-1 at 6, 9. Request for Production 15 requires Defendant to produce certain "train dispatcher

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER **-** 1

records," including audio recordings. *Id.* at 6. Claiming that providing this discovery will impose a disproportionately "huge burden" on it, Defendant seeks to extend its September 4, 2019 deadline to September 30, 2019. ECF No. 39 at 2. Plaintiffs already agreed to one prior extension and are unwilling to grant Defendant more time to provide this discovery. *Id.* Thus, Plaintiffs oppose Defendant's motion for a protective order. ECF No. 41. Having reviewed the briefing and the file in this matter, the Court is fully informed and denies the motion.

As an initial matter, Defendant's attempt to discount the probative value of the train dispatcher records is unavailing. The scope of discovery is broad. *See* Fed. R. Civ. P. 26(b)(1). "Relevance, for discovery purposes, encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Equal Emp't Opportunity Comm'n v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 641 (E.D. Wash. 2011) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Defendant tacitly admits the train dispatcher records are discoverable. *See* ECF No. 38 at 6.

The issue is whether Defendant should receive more time to produce the train dispatcher records. The Court has "wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). For good cause, the Court may issue a
ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER **-** 2

protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "A party asserting good cause bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy th[is] test." *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

In an affidavit signed the day before the deadline, Defendant's director of dispatching practices and rules says it will take a senior manager thirty hours over the course of four weeks to sort and compile information responsive to request for production 15. ECF No. 39-2 at 3. However, Defendant fails to explain why the five-and-a-half weeks it had before the deadline were insufficient.

Further, Defendant's complaints amount to mere inconvenience and do not rise to the level of specific prejudice or harm it will suffer in the absence of relief. Even if it had done so, Defendant's predicament appears to be of its own making, and the Court will not intervene to relieve Defendant of the consequences of its procrastination. There is no good cause to extend Defendant's deadline a second time. The motion is denied.

Consequently, the Court "must, after giving an opportunity to be heard,

require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B); *see also* Fed. R. Civ. P. 26(c)(3). No exception exists. Therefore, the parties shall brief the amount of an appropriate sanction.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion for a Protective Order Regarding Request for Production No. 15, **ECF No. 38**, is **DENIED**.

**2.** Defendant's related motion to expedite, **ECF No. 40**, is **GRANTED**.

**3.** Defendant shall fully respond to request for production 15 in Plaintiffs' third set no later than **September 20, 2019**.

**4.** The parties shall brief the amount of an appropriate sanction as follows:

*A.* No later than **September 20, 2019**, Plaintiffs shall file a motion and material to support an award of expenses, including attorney fees, reasonably incurred in opposing Defendant's request for a protective order. If the motion is stipulated or unopposed, counsel shall indicate as such.

*B.* Defendant may file a response no later than **fourteen days** after Plaintiffs file the above motion.

  ***C.***   Plaintiffs may file a reply no later than **seven days** after Defendant files the above response.

  ***D.***   The motion hearing shall be set without oral argument on **October 21, 2019** at **6:30 PM**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 12th day of September 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER **-** 5