FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUTH SMITH, individually and as personal representative of the Estate of Donald Smith; KYLE MOSS and SAMANTHA (BAIRD) MOSS, husband and wife,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BNSF RAILWAY COMPANY, commonly known as The Burlington Northern Santa Fe Railway, a Delaware corporation doing business in the State of Washington, and DOE DEFENDANTS I THROUGH X,<br><br>　　　　　　　　Defendants. | No. 2:18-cv-00179-SMJ<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　　　Before the Court, without oral argument, are Plaintiffs' Motion to Strike Affirmative Defenses, ECF No. 57, Plaintiffs' Motion for Partial Summary Judgment Re: Proper Measure of Damages, ECF No. 54, and Defendant's Motion for Partial Summary Judgment, ECF No. 60.

　　　　Plaintiffs Ruth Smith, Kyle Moss, and Samantha (Baird) Moss ask the Court to strike eight of Defendant BNSF Railway Company's affirmative defenses

pursuant to Federal Rules of Civil Procedure 12(f) and 56(a). ECF No. 57 at 2. Plaintiffs also seek partial summary judgment, asking the Court to determine that, pursuant to RCW 76.04.760, the proper measure of damages is the cost of restoration of their severely damaged real property. ECF No. 54 at 1. Defendant opposes both motions. ECF Nos. 68, 75.

Defendant also seeks partial summary judgment, requesting dismissal of Plaintiffs' claims under "(1) nuisance and trespass; (2) Intentional Torts including RCW 4.24.630; (3) Fire Protection Regulations & Strict Liability; and (4) RCW 76.04.760 (Forested Lands)." ECF No. 60 at 2–3. "BNSF further, and in consequence of the dismissal of the above claims, moves this Court to dismiss with prejudice Plaintiffs' damages claims for (5) full restoration of their property and (6) mental anguish and emotional distress and instead to find . . . that the proper measure of damages for the jury to decide is the diminution in the value of the Plaintiffs' land before and after the loss." *Id.* Plaintiffs oppose the motion in part. ECF No. 82.

The Court has reviewed the file and the briefing in the case and is fully informed. For the reasons set forth below, the Court denies Plaintiffs' Motion to Strike, denies Plaintiffs' Motion for Partial Summary Judgment, and grants in part and denies in part Defendant's Motion for Summary Judgment.

//

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **-** 2

## BACKGROUND

On June 17, 2015, a wildfire, later named the Fish Lake Fire, began in Spokane County and ultimately spread to 145 acres of land. ECF No. 63-1 at 2–3. This included land owned by Plaintiffs, and Plaintiffs assert the fire destroyed mature ponderosa pines, saplings, ground foliage, fences, trails, meadows, crops, landscaping, and gardens, and caused smoke and ash damage to houses. ECF No. 1 at 3. The fire started adjacent to railway tracks, and Plaintiffs assert BNSF is responsible for causing the fire. ECF No. 1 at 6. The Washington State Department of Natural Resources conducted an investigation into the cause of the fire and determined that the cause was inconclusive, failing to rule out four potential causes including power lines, the railroad, transient or recreational activity, or arson. ECF No. 63-1 at 4.

Plaintiffs brought this suit against Defendant alleging violations of Washington State laws, specifically that (1) Defendant created an actionable nuisance under RCW 7.48.120 and RCW 7.48.150, (2) Defendant negligently and recklessly caused the Fish Lake Fire in violation of RCW 4.24.630, (3) Defendant wrongfully and recklessly ignited the fire on land it was occupying and allowed the fire to escape to other lands, and, because the activity was ultra-hazardous, defendants are strictly liable for any and all damages in violation of RCW 76.04.405, RCW 76.04.435, RCW 76.04.445, RCW 76.04.455, and RCW 76.04.760, and

1  (4) Defendant, either intentionally or negligently and in a reckless manner, wrongfully injured and caused waste and damage to lands, trees, homes, and other improvements. ECF No. 1 at 7. Defendant filed an Answer and asserted thirteen affirmative defenses. ECF No. 8.

## LEGAL STANDARD

### A. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues by dispensing with those issues prior to trial. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

A motion under Rule 12(f) must be brought "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). However, the court may also order appropriate materials stricken at any time. Fed. R. Civ. P. 12(f)(1). Thus, the court may "consider untimely motions to strike and [] grant them if doing so seems proper." *Lister v. Hyatt Corp.*, No. C18-0961JLR, 2019 WL 5190893, at *3 (W.D. Wash. Oct. 15, 2019) (quoting 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1380 (3d ed. 1998)). When considering a motion to strike, the court must view the

pleadings in the light most favorable to the pleading party. *Id.*

A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), abrogated in part by *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Motions to strike 'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Gonzaga Univ. v. Pendleton Enters., LLC*, No. CV-14-0093-LRS, 2014 WL 11514916, at *1 (E.D. Wash. Sept. 25, 2014) (quoting *River Rd. Dev. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). Further, motions to strike must be decided on the pleadings alone. *Gonzaga Univ.*, 2014 WL 11514916, at *1. "An affirmative defense can be stricken 'only if the defense could not possibly prevent recovery under any pleaded or inferable set of facts.'" *Id.* (quoting *Linker v. Custom-Bilt Mach., Inc.*, 594 F.Supp. 894, 898 (E.D. Pa. Jun. 28, 1984)).

**B.     Motion for Summary Judgment**

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue

of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of showing no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support th[at party's case].'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would have the burden of proof at trial, the court should grant the summary judgment motion. *Celotex*, 477 U.S. at 322.

The court must view the facts and draw inferences in the manner most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And the court "must not grant summary judgment based on [its] determination that one set of facts is more believable than

another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

**DISCUSSION**

**A.    Plaintiffs fail to show any affirmative defenses is insufficient.**

As an initial matter, Plaintiffs' motion is untimely. Defendant's answer was filed on July 25, 2018. ECF No. 8. Plaintiffs did not file the motion to strike under Rule 12(f) until November 22, 2019, nearly a year and four months later. ECF No. 57. This is well outside the time period permitted by Rule 12(f). As such, the motion should be denied as untimely.

Even if the Court were to consider the untimely motion, Plaintiffs have not shown that the Court should strike these affirmative defenses. Plaintiffs do not set forth or otherwise address the standard for a motion to strike. *See generally* ECF No. 57.[1] Plaintiffs also present arguments based on facts determined through discovery and declarations submitted in support of the motion. ECF No. 57 at 5, 6, 7 & 9. These facts beyond the pleadings may be appropriate in a fully briefed motion for summary judgment but are not appropriate for a motion to strike. *See EEOC v. Fred Meyer Stores, Inc.*, 954 F. Supp. 2d 1104, 1112–13 (D. Or. Jun. 17, 2013) (finding plaintiff's motion to strike untimely but considering facts outside pleadings on plaintiff's alternative motion for summary judgment on affirmative defenses).

---

[1] Plaintiffs do address the standards for a motion to strike in their reply brief. ECF No. 78.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **- 7**

The Court may be permitted to construe this as a motion for partial summary judgment. *See Quick v. Grand Junction Lodging LLC*, No. 13-cv-02917-RBJ, 2014 WL 7205417, at *3 (D. Colo. Dec. 18, 2014) (determining that court could construe motion to strike affirmative defense as motion for summary judgment where both parties argued legal merits of affirmative defense and cited summary judgment standard). However, based on Plaintiffs' perfunctory briefing and Defendant's response based on the motion to strike standard, doing so here would be inappropriate. Unlike in *EEOC*, 954 F. Supp. 2d, and *Lister*, 2019 WL 5190893, Plaintiffs do not move for partial summary judgment as to these affirmative defenses and set forth neither the legal standard for a motion to strike nor for a motion for summary judgment. With the exception of referencing Rule 56(a) in their introductory paragraph, Plaintiffs make no indication that they are seeking summary judgment.

Under the motion to strike standard, Plaintiffs have not met, or even attempted to meet, their burden to show that "the defense could not possibly prevent recovery under any pleaded or inferable set of facts" for any of the affirmative defenses challenged. *Gonzaga Univ.*, 2014 WL 11514916, at *1. Therefore, the motion to strike is denied.

**B.     Summary judgment is granted on the undisputed matters.**

Plaintiffs do not contest "dismissal of their claims under intentional trespass

and historic fire protection regulations," including RCW 76.04.405, 76.04.435, 76.04.445, and 76.04.455. ECF No. 82 at 17. As such, Plaintiffs' claims under intentional trespass and historic fire protection regulations, including RCW 76.04.405, 76.04.435, 76.04.445, and 76.04.455, are dismissed.

**C.  Summary judgment is not appropriate under the Forest Protection Statute, RCW 76.04.760.**

Defendant argues Plaintiffs' claims under RCW 76.04.760 should be dismissed because (1) the statute expressly excludes fires started or spread from a railroad right of way and (2) the origin point does not qualify as "forested" land under the statutory definition. ECF No. 60 at 11. In their Motion for Summary Judgment, Plaintiffs request that the Court determine that the proper measure of damages is the cost of restoration of their severely damaged real property pursuant to RCW 76.04.760. ECF No. 54 at 1.

RCW 76.04.760 states:

> The owner of public or private forested lands may bring a civil action in superior court for property damage to public or private forested lands, including real and personal property on those lands, when the damage results from a fire that started on or spread from public or private forested lands.

RCW 76.04.760(1). This statute limits recoverable damages to "[e]ither: (i) [t]he difference in the fair market value of the damaged property immediately before and after the fire. . . ; or (ii) the reasonable cost of restoring the damaged property to the

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **-** 9

general condition it was in immediately before the fire, to the extent permitted by Washington law." RCW 76.04.760(3)(a)."[P]ublic or private forested lands" are defined as "lands used or biologically capable of being used for growing forest tree species regardless of the existing use of the land except when the predominant physical use of the land at the time of the fire is not consistent with the growing, conservation, or preservation of forest tree species." RCW 76.04.760(5)(e). "Public or private forested lands do not include . . . railroad rights-of-way." *Id*.

    **1.**    **There are genuine issues of material fact as to whether Plaintiffs may recover under the Forest Protection Statute, RCW 76.04.760.**

As to Defendant's motion for summary judgment on the entire claim, this issue is not appropriate for summary judgment because there are multiple genuine disputes of material fact for trial. Whether Plaintiffs are entitled to recover under RCW 76.04.760 turns on whether the fire started on the railroad right-of-way.[2] However, the parties contest this fact. *Compare* ECF No. 56 at 2 ("The fire that is the subject of this Complaint started adjacent to BNSF Railway tracks on property owned privately by Dennis Glover."), *with* ECF No. 75 at 5 (arguing that the allegation is that the fire "spread from BNSF's locomotive, which was at all times

---

[2] The Court agrees with Defendant to the extent it argues RCW 76.04.760 would not create liability if the facts were to show that Defendant caused the fire and that the fire started on its own railroad right-of-ray. *See* RCW 76.04.760(2), (5)(e).

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **-** 10

on BNSF's right of way"); *see also* ECF No. 83 at 1–2 ("BNSF has not established that it had a legally enforceable right of way through the land involved in the fire. If it had such a right of way, the railroad has not claimed or established any specific boundaries in relation to the fire's point of origin.").

Additionally, the legal question of whether Plaintiffs are entitled to recovery turns on whether the fire started on "forested" land. The parties dispute whether the fire origin area is land that is "biologically capable of being used for growing forest tree species." *Compare* ECF No. 60 at 13 (arguing that a photograph shows the origin point cannot be "forested" land), *with* ECF No. 82 at 7 (arguing a different photograph of the origin point shows that the area is "forested" land because it is biologically capable of growing trees). Both of these are factual disputes that are more appropriately left to a jury to decide. As such, Defendant's motion for partial summary judgment on this claim should be denied.

**2. There are genuine issues of material fact as to the measure of damages under the Forest Protection Statute, RCW 76.04.760.**

As to Plaintiffs' motion for summary judgment on the question of damages, again, there is a key genuine dispute of material fact that is more appropriately left to the jury. The statute limits recoverable damages to "[e]ither: (i) [t]he difference in the fair market value of the damaged property immediately before and after the fire. . . ; or (ii) the reasonable cost of restoring the damaged property to the general

condition it was in immediately before the fire, to the extent permitted by Washington law." RCW 76.04.760(3)(a).

The issue of which of these measures of damages applies turns on the issue of whether the damage to the land is permanent or temporary. *Pepper v. J.J. Welcome Const. Co.*, 73 Wn. App. 523, 542 (Wash. Ct. App. 1994), as amended (May 6, 1994), overruled on other grounds by *Phillips v. King Cty.*, 87 Wn. App. 468 (Wash. Ct. App. 1997) (citing *Colella v. King Cty.*, 72 Wn.2d 386, 393 (Wash. 1967)). If the injury is permanent, the applicable damages is the difference in the market value of the property before and after the damage. *Id.* Where the injury is temporary and the property may be restored to its original condition, the measure of damages is the reasonable cost of restoring the property. *Id.* The issue of whether the injury to the land is permanent or temporary is a question of fact for the jury to determine. *Id.*; *cf. Thompson v. King Feed & Nutrition Serv.*, 153 Wn.2d 447, 459 (Wash. 2005) ("when awarding damages for an action concerning real property, '[t]he decision as to which measure of damages to apply is one left to the trier of fact'") (quoting 16 David K. Dewolf & Keller W. Allen, Washington Practice: Tort Law and Practice § 5.2, at 126 (2d ed. 2000)).

Defendant argues that the injury to Plaintiffs' land is irreparable, ECF No. 75 at 8, while Plaintiffs argue that the damage is reparable, ECF No. 54 at 2. Therefore, the determination of which measure of damages applies turns on the jury's

determination of whether the injury to the property is reparable.

As such, there is a question of material fact as to which measure of damages should be applied and summary judgment is not appropriate. Plaintiffs' Motion for Partial Summary Judgment is denied in whole and Defendant's Motion for Partial Summary Judgment is denied as to the request to dismiss Plaintiffs' claim under RCW 76.04.760.

**D. Defendant has not shown it is entitled to judgment as a matter of law to the extent it seeks to dismiss Plaintiffs' claims for full restoration of the property.**

Defendant argues it is entitled to judgment as a matter of law that Plaintiffs' claims for full restoration should be dismissed. ECF No. 60 at 14. Plaintiffs argue they are not seeking "full restoration," but rather are only seeking restoration damages that are "reasonable" in relation to the overall land value, which is an available remedy under both common law and statute. ECF No. 82 at 9.

As a preliminary matter, Plaintiffs' reliance on *Sherrell v. Selfors*, 73 Wn. App. 596, 871 P.2d 168 (1994), to support the argument that common law negligence permits an award of restoration damages is unavailing. *Selfors* involved awarding damages under RCW 64.12.030, not common law. *Id*. Under Washington common law, the proper measure of damages for the loss of trees and vegetation is the difference or diminution in land value before and after the loss. *Allyn v. Boe*, 87 Wn. App 722 (1997) (citing *Henriksen v. Lyons*, 33 Wn. App. 123, 127 (1982)).

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **-** 13

However, as discussed above, Plaintiffs also present statutory grounds for relief that may entitle them to more than the diminution in value of the property. "The goal of awarding damages is to fully compensate the plaintiff for loss or injury." *Pepper*, 73 Wn. App. at 543. A plaintiff "should not recover any windfall in the award of damages, but should receive an award which does no more than put the plaintiff in his or her rightful position." *Id.* Restoration costs may exceed the value of the underlying property but may not be unreasonable in relation to the land's value. *See Allyn*, 87 Wn. App. at 734.

As discussed above, the question of which calculation of damages applies under the statute depends on the question of whether the damage to the property is irreparable. To the extent Plaintiffs may prevail in proving that the damage is reparable and they are entitled to recover restoration costs, they will be limited to the "reasonable" cost of restoration. *See Allyn*, 87 Wn. App. at 734. Plaintiffs indicate they are not seeking full restoration, but rather they limit the number of trees they plan to replace with larger trees and will replace the rest with seedlings. ECF No. 82 at 11. This argument does not address whether the proposed costs are reasonable in *relation to the land's value*. *See Allyn*, 87 Wn. App. at 734. Defendant

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **-** 14

argues the proposed cost of restoration, between $959,000 and $1,489,450,[3] is unreasonable because it is at least 4 times the value of the Plaintiffs' land prior to the fire. ECF No. 75 at 9. Defendant does not identify the evidence used to calculate the value of Plaintiffs' land.[4]

Certainly, damages four times the amount of the value of the land would not be reasonable. *See Allyn*, 87 Wn. App. At 735 (upholding trial court's decision that $75,000 restoration award combined with $25,000 emotional damages award was unreasonable in relation to $27,500–$35,000 value of land); *see also Pepper*, 73 Wn. App. at 544 (finding trial court's limit on damages to the pre-tort value of land was proper); *Heninger v. Dunn*, 162 Cal. Rptr. 104, 109 (Cal. Ct. App. 1980) (holding $241,000 cost to fully restore mature trees unreasonable in relation to $179,000 value of land). However, without evidence of the total value of Plaintiffs' land before the fire and the total costs of restoration Plaintiffs are seeking, the Court cannot rule on whether the costs Plaintiffs are seeking are unreasonable. As such, Defendant has not shown it is entitled to judgment as a matter of law on this issue.

---

[3] It appears the $959,000 and $1,489,450 figures are estimated costs to restore the Smith property with a mix of seedlings and larger trees. ECF No. 56-4 at 8. The estimated cost of restoration for the Ross property is unclear at this time.

[4] Plaintiffs submitted evidence showing Plaintiffs Kyle Moss and Samantha Moss paid $115,000 for their property in 2014. ECF No. 56-5 at 8. However, the Court could not independently identify any evidence submitted by any party in support of the motions for summary judgment that shows the Smith property's value.

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **-** 15

**E. Plaintiffs' nuisance and trespass claims are dismissed as duplicative of negligence.**

Defendant argues Plaintiffs' claims under nuisance and trespass are subsumed by Plaintiffs' negligence claim. ECF No. 60 at 6. Plaintiffs attempt to distinguish this case from the cases cited by Defendant when arguing they are entitled to emotional distress damages. *See* ECF No. 82 at 12–17.

"A single claim for relief, on one set of facts, is not converted into multiple claims, by the assertion of various legal theories." *Pepper*, 73 Wn. App. At 546. Where the nuisance and trespass are the result of negligent conduct, the rules of negligence are applied. *Atherton Condo. Apartment-Owners Ass'n Bd. of Directors v. Blume Dev. Co.*, 115 Wn.2d 506, 527 (1990) (citing *Hostetler v. Ward*, 41 Wn. App. 343, 360 (1985), review denied, 106 Wn.2d 1004 (1986)) ("In those situations where the alleged nuisance is the result of defendant's alleged negligent conduct, rules of negligence are applied."); *Pruitt v. Douglas Cty.*, 116 Wn. App. 547, 554 (2003).

Plaintiffs' trespass, nuisance, and negligence claims arise out of a single set of facts and as such are effectively one claim with three legal theories.[5] *See*

---

[5] Plaintiffs do not argue that they are pursuing a nuisance claim based on intentional conduct, and do not indicate that they oppose dismissal of their claims for intentional conduct. *See* ECF No. 82. To the contrary, they seek to distinguish this

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

*Pepper*, 73 Wn. App. At 547. Plaintiffs correctly note that nearly all of the cases cited by Defendant involve dismissing duplicative nuisance and trespass claims when the negligence claim has failed. However, at least two cases involve dismissing nuisance or trespass claims grounded in negligence as duplicative prior to a finding on the negligence claim. *See Borden v. City of Olympia*, 113 Wn. App. 359, 373 (2002) (holding trial court did not err in dismissing nuisance claim where the nuisance claim was "a negligence claim presented in the garb of nuisance" even when the negligence claim could proceed to trial); *Hurley v. Port Blakely Tree Farms L.P.*, 182 Wn. App. 1008 (2014) (holding trial court did not err in dismissing nuisance and trespass claims as duplicative of negligence claim before deciding the negligence claim). As such, Plaintiffs' claims for nuisance and trespass are dismissed as duplicative of the claim for negligence.

**F.   Emotional distress and mental anguish are not available remedies under the remaining claims.**

Defendant argues Plaintiffs are not entitled to damages for emotional distress and mental anguish because it is not available under the remaining claims. ECF No. 60 at 15–16. Plaintiffs argue emotional damages are available under a nuisance claim even if the nuisance claim is considered together with the negligence claim.

---

case from other cases where the alleged nuisance arose from negligent conduct. *Id.* at 12–16. Plaintiffs agree to dismissal of their intentional trespass claim. *Id.* at 17.

ECF No. 82 at 11–17.

In cases "based on interference with property rights or interests, absent an alleged cause of action for negligent infliction of emotional distress, Washington law permits recovery for inconvenience, discomfort, and emotion or mental anguish only for conduct that was intentional." *McGeer v. BNSF Ry. Co.*, No. C09-5330 BHS, 2013 WL 1855761, at *4 (W.D. Wash. May 1, 2013) (collecting cases). Plaintiffs' remaining claims include negligence and violation of RCW 76.04.760. *See* ECF No. 1 at 6–7. The language of RCW 76.04.760 explicitly restricts recoverable damages and does not include damages for emotional distress or mental anguish. RCW 76.04.760(3). Plaintiffs' negligence claim, even if proven, would not establish that Defendant's conduct was intentional. As such, Plaintiffs are not entitled to seek damages for emotional distress or mental anguish.

## CONCLUSION

In sum, Plaintiffs have not shown that striking Defendant's affirmative defenses is appropriate or that there exists no genuine issue of material fact as to the method for calculating damages under RCW 76.04.760. The parties agree to dismissal of the claim for intentional trespass and the claims under historic fire protection regulations. Defendant has shown it is entitled to judgment as a matter of law to the extent it seeks to dismiss Plaintiffs' trespass and nuisance claims and to the extent it seeks to bar recovery of emotional distress and mental anguish

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT **-** 18

damages. However, Defendant has not shown it is entitled to judgment as a matter of law under RCW 76.04.760 because there exist genuine disputes of material facts.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Strike Affirmative Defenses, **ECF No. 57**, is **DENIED**.

2. Plaintiffs' Motion for Partial Summary Judgment Re: Proper Measure of Damages, **ECF No. 54**, is **DENIED**.

3. Defendant's Motion for Partial Summary Judgment, **ECF No. 60**, is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

4. Plaintiffs' claims under nuisance, trespass, and historic fire protection regulations, including RCW 76.04.405, 76.04.435, 76.04.445, and 76.04.455, are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 7th day of February 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge